IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

                Plaintiff,                      ORDER

v.

                                      15-cv-165-wmc

DONALD MORGAN, CHAD KELLER,
and FERN SPRINGS,

                Defendants.

In this civil action, asserting First Amendment retaliation and Eighth Amendment deliberate indifference claims, the court granted defendants' motion for summary judgment, entered judgment in their favor and closed this case. (3/12/18 Op. & Order (dkt. #32); Judgment (dkt. #33).) Now before the court is *pro se* plaintiff Jackie Carter's motion for reconsideration under Federal Rule of Civil Procedure 59, in which he argues that the court erred in denying his request for appointment of counsel. (Dkt. #34.) Specifically, Carter argues that the court overestimated his abilities.

Even crediting this argument, however, the court considered whether recruitment of counsel would have changed the result in its prior opinion and order, ultimately concluding that it would not.

> If the court rested its order on Carter's failure to demonstrate that he suffered from a serious medical need, perhaps [his] request for recruitment of counsel would have more traction. But, here . . . the court reviewed the medical record, Springs' affidavit and Carter's response to conclude that Dr. Springs' December 18, 2013, did not rise to deliberate indifference, or at least no reasonable jury could so find. As for the retaliation claim against Morgan and Keller premised on Dr. Springs' action, no amount of legal expertise or argument could save that claim, as it apparently was simply based on a hunch.

> Likewise, having failed to provide *any* response to the facts surrounding the investigation, conduct report, hearing and adjudication, the court similarly finds that Carter was not prejudiced by the lack of counsel in responding to that portion of the summary judgment motion, or, at least, Carter fails to explain why he lacked the ability to do so.

(3/12/18 Op. & Order (dkt. #32) 9 n.4.) Accordingly, the court sees no basis to reconsider its ruling, particularly under the strict standard applicable to such motions. *See Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011) ("To prevail on a Rule 59(e) motion to amend judgment, a party must "demonstrate a manifest error of law or present newly discovered evidence.").

IT IS ORDERED that plaintiff Jackie Carter's motion for reconsideration (dkt. #34) is DENIED.

Entered this 26th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge